IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-HC-2053-BO

| | |
|---|---|
| ROGER EARL COLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LEWIS SMITH, ) | |
| ) | |
| Respondent. ) | |

Petitioner petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter now comes before the court on respondent's motion for summary judgment (DE 17) pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the court grants respondent's motion for summary judgment.

**STATEMENT OF CASE**

On August 2, 2006, petitioner was convicted in the Edgecombe County Superior Court, of first-degree murder, and was sentenced to life imprisonment. See State v. Coley, 193 N.C. App. 458, 460, 668 S.E.2d 46, 49 (2008). Petitioner subsequently filed a notice of appeal to the North Carolina Court of Appeals. See id. The court of appeals entered an order finding no error on November 4, 2008.[1] Id. at *14. On February 5, 2009, the North Carolina Supreme Court denied petitioner's petition for discretionary review. State v. Coley, 363 N.C. 132, 673 S.E.2d 664 (2009). Petitioner subsequently appealed the court of appeal's decision to the North Carolina Supreme Court pursuant

---

[1] Judge Martha A. Geer dissented by separate opinion. See Coley, 668 S.E.2d at 53-63.

to N.C. Gen. Stat. 7A-30(2). United States v. Coley, 363 N.C. 622 (2009). The North Carolina Supreme Court affirmed the court of appeal's decision on October 9, 2009. Id.

On July 9, 2010, petitioner made several *pro se* filings in the Edgecombe County Superior Court, which the superior court construed as a motion for appropriate relief ("MAR"). (Resp't's Mem. Ex. 12). The superior court summarily denied petitioner's MAR on July 21, 2010. (Id. Ex. 13). On September 2, 2010, petitioner filed a second *pro se* MAR, which was summarily denied on October 21, 2010. (Id. Exs. 14, 15). On March 14, 2013, petitioner filed a third *pro se* MAR, which was summarily denied on April 18, 2013. (Id. Exs. 16, 17).

On December 16, 2016, petitioner filed his first *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court. See Coley v. Hooks, No. 5:16-HC-2308-FL (E.D.N.C. pending). On February 27, 2017, petitioner filed the instant second petition for a writ of habeas corpus pursuant to § 2254,[2] and alleged the following: (1) he was not appointed post-conviction counsel; (2) he was "mistreated wrongfully in [his] confinement and conviction in custody of law;" (3) he has "been filling out all kinds of legal paper over the years that everyone [has sent to him], but has not been provided a post-conviction attorney; and (4) he "turn in on ground four an appeal asking for relief."

On July 18, 2017, respondent filed a motion for summary judgment arguing that petitioner is not entitled to habeas relief. Petitioner filed several documents and pleadings in response.

## STATEMENT OF FACTS

The facts as stated by the North Carolina Court of Appeals are summarized as follows:

---

[2] Petitioner originally filed the instant § 2254 petition in the United States District Court for the Middle District of North Carolina on February 27, 2017. The action was transferred to this court on March 8, 2017.

2

On 7 March 2005, Roger Earl Coley ("defendant") called 911 from his house at 410 Myrtle Avenue in Rocky Mount, North Carolina, and reported that he had stabbed his wife, Deborah Thompson Coley, with a butcher knife. When the operator inquired as to how many times he had stabbed his wife, defendant responded that he had stabbed her "about twenty times." Officer Brian Patrick Livecchi of the Rocky Mount Police Department arrived at defendant's house a short time later. At the time Officer Livecchi arrived, defendant was standing on the porch with blood on his clothes. Officer Livecchi then handcuffed defendant and asked him what happened. Defendant responded, "I stabbed her." After handcuffing defendant, Officer Livecchi entered the residence and found Mrs. Coley leaning against a sofa. She was bleeding from her chest. Officer Livecchi took her pulse, and after determining the scene was secure, called the dispatcher to alert the firemen and paramedics.

After other police officers arrived, Officer Livecchi placed defendant in the back of his police car and drove him to the Rocky Mount Police Department. On the way to the police department, defendant made several statements. Defendant stated that "he just simply couldn't take it anymore" and that "she never gave him any respect." At the police station, defendant was informed of his Miranda rights by Detective Thomas Seighman. Defendant responded that he wanted to speak to an attorney. Despite defendant's invocation of his right to silence, defendant continued to make statements. Defendant was then allowed to make several phone calls, which were recorded by a video camera set up inside the police station. During one of these phone calls, defendant described the circumstances surrounding Mrs. Coley's stabbing.

Kevin Bissette, a member of West Edgecombe Rescue Squad, arrived shortly after Officer Livecchi. Mr. Bissette examined Mrs. *461 Coley and determined that she had no pulse. Mrs. Coley was then transported to the hospital as emergency personnel attempted to resuscitate her. These efforts proved unsuccessful, and Mrs. Coley died while being transported to the hospital.

A grand jury indicted defendant for first-degree murder on 23 May 2005. On 26 April 2006, a competency hearing was held before Judge Frank R. Brown in Edgecombe County Superior Court. After hearing the evidence, Judge Brown concluded defendant possessed sufficient capacity to proceed to trial. Defendant was tried before a jury for the murder of his wife, Deborah Coley, on 31 July 2006, in

3

> Edgecombe County Superior Court, Judge W. Russell Duke, Jr., presiding. On 2 August 2006, defendant was convicted of first-degree murder and sentenced to a term of life in prison without the possibility of parole.

Coley, 668 S.E. 2d at 49.

## DISCUSSION

A. Summary Judgment

1. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A

state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

    2.    Analysis

        a.    Second or Successive Petition

Petitioner filed two petitions seeking habeas relief pursuant to § 2254, and the instant petition was filed second in time. See Coley v. Hooks, No. 5:16-HC-2308-FL (E.D.N.C. filed Dec. 16, 2016)

5

(still pending). The Antiterrorism and Effective Death Penalty Act bars a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>     (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Before a second or successive application for habeas relief may be filed in the district court, an applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not received authorization to file this second or successive action from the Fourth Circuit. Thus, this court does not have jurisdiction to review the matters set forth in the instant petition until authorized to do so by the United States Court of Appeals for the Fourth Circuit. Accordingly, petitioner's habeas claim is DISMISSED without prejudice to allow him to seek authorization to file this application. Even if petitioner could proceed with the instant petition, petitioner's claims are meritless as discussed further below.

b. Failure to Appoint Post-Conviction Counsel

Petitioner's filings are not a model of clarity. In his first, third, and fourth claims, petitioner essentially asserts that the State violated his constitutional rights because it did not appoint him post-conviction counsel. Petitioner raised this claim in his MAR before the superior court, and it was denied.

There is no constitutional right to counsel in post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987); Murray v. Giarratano, 492 U.S. 1 (1989). Based upon the foregoing, the state court's decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Likewise, the state court's determination was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court proceeding. See 28 U.S.C. § 2254(d)-(e). Thus, respondent's motion summary judgment is GRANTED as to these claims.

c. Conditions of Confinement

In his second claim, petitioner contends that his conditions of confinement are constitutionally inadequate because from "the time the judge turned [him] over to the state, [the] state has done nothing but make [his] life a living hell, and [he] is not used to living like this." (Pet. ¶ 12). Habeas corpus relief is not appropriate when a prisoner challenges the conditions of his confinement. See Preiser v. Rodriquez, 411 U.S. 475, 499 (1973). A prisoner challenging the conditions of his confinement must bring his claims pursuant to 42 U.S.C. § 1983 (if a state inmate) or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (if a federal inmate). Id.; see Wilson v. Johnson, 535 F.3d 262, 265 (4th Cir. 2008). Thus, in order to challenge his conditions of confinement, petitioner, a state inmate, must file an action pursuant to

7

42 U.S.C. § 1983. Based upon the foregoing, this claim is DISMISSED without prejudice. The clerk of court is DIRECTED to send petitioner the civil rights package.

          d.     New Claims

Petitioner alleges several conclusory allegations in his various responsive pleadings. To the extent these claims are separate from the claims discussed supra, they constitute nothing more than conclusory allegations which do not entitle a habeas petitioner to an evidentiary hearing. Jones v. Polk, 401 F.3d 257, 270-271 (4th Cir. 2005); see also, Miles v. Owen, No. 4:12–998–MGL, 2013 WL 227766, at *2 (D.S.C. Jan. 22, 2013) ("The Court ... declines to address Petitioner's new claims which he raises for the first time in his response and sur-reply. To the extent that Petitioner's response in opposition to the motion to dismiss presents issues and claims not contained in his Petition, these claims are not properly before the court."). Thus, any new claims asserted in petitioner's responsive pleadings or miscellaneous filings are not properly before the court and have not been considered. As a result, such claims are DISMISSED without prejudice.

B.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, "the only question is whether the applicant

has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.' " Buck v. Davis, No. 15-8049, 2017 WL 685534, at *11 (Feb. 22, 2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003)); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

9

## CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

(1) Respondent's motion for summary judgment (DE 17) is GRANTED, and petitioner's petition is DISMISSED without prejudice as second or successive. Alternatively, the petition is DISMISSED on the merits. To the extent petitioner has asserted new claims in response to respondent's motion for summary judgment, such claims are DISMISSED without prejudice;

(2) The Certificate of Appealability is DENIED;

(3) The clerk of court is DIRECTED to send petitioner the civil rights package;

(4) The clerk is DIRECTED to close this case.

SO ORDERED, this the 8 day of February, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge